THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DR. TANNIN FUJA and MEGAN FUJA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WOODLAND HILLS, a Utah municipal corporation and body politic; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00794-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Pro se Plaintiffs Dr. Tannin Fuja and Megan Fuja (collectively, "Plaintiffs") filed their complaint in this case on September 11, 2025, naming Defendants City of Woodland Hills, Brent Winder, Jody Stones, Ted Mickelsen, Wayne Frandsen, David Pratt, Ben Hillyard, Corbett Stephens, Wendy Pray (collectively, "Woodland Hills Defendants"), and David Alter ("Mr. Alter").[2] Plaintiffs subsequently filed an amended complaint, which is 95 pages, contains 591 numbered paragraphs, and asserts ten causes of action.[3] After being served with Plaintiffs' amended complaint,[4] the Woodland Hills Defendants and Mr. Alter each moved for an extension

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 53.

[2] ECF No. 1.

[3] ECF No. 15.

[4] ECF Nos. 16-25.

of the deadline to respond to Plaintiffs' amended complaint.[5] The court granted both motions, setting a deadline of January 6, 2026, for the Woodland Hills Defendants to file their response[6] and a deadline of January 7, 2026, for Mr. Alter to file his response.[7]

The day before their response was due, the Woodland Hills Defendants moved for leave to file an overlength motion to dismiss.[8] Because they demonstrated "good cause" as required by DUCivR 7-1(a)(7)(A)(ii), the court granted their motion for overlength the same day, providing them with leave to file a 46-page motion to dismiss.[9] The following day, Plaintiffs moved the court for various forms of relief ("Motion").[10] First, Plaintiffs ask the court to reconsider its order granting the Woodland Hills Defendants leave to file their overlength motion to dismiss and either: (1) deny Woodland Hills Defendants' motion for overlength and require the Woodland Hills Defendants to refile a motion to dismiss complying with the length limitations of DUCivR 7-1(a)(4)(A)(i);[11] or (2) require the Woodland Hills Defendants to refile a motion to dismiss of 35 pages or fewer. In the alternative, Plaintiffs request leave to file an overlength response to the Woodland Hills Defendants' motion to dismiss and a 14-day extension of Plaintiffs' deadline to

---

[5] ECF No. 26; ECF No. 32.

[6] ECF No. 29.

[7] ECF No. 34.

[8] ECF No. 38.

[9] ECF No. 39.

[10] ECF No. 40.

[11] DUCivR 7-1(a)(4)(A)(i) (providing that a motion to dismiss under Fed. R. Civ. P. 12(b) "may not exceed 25 pages or 7,750 words").

respond to that motion to dismiss. The same day Plaintiffs filed the Motion, the Woodland Hills Defendants filed their overlength motion to dismiss.[12]

On his deadline for responding to Plaintiffs' complaint, Mr. Alter concurrently filed a motion for leave to file an overlength motion to dismiss[13] and an overlength motion to dismiss.[14] Plaintiffs opposed the former motion the following day,[15] arguing, among other things, that it should be denied because Mr. Alter's filing of his overlength motion to dismiss violates DUCivR 7-1(a)(7)(A), which provides that "a party must first obtain a court order authorizing the additional pages or words before filing" an overlength motion. Additionally, Plaintiffs contend that Mr. Alter's motion for overlength should be denied because his overlength motion to dismiss does not contain a table of contents as required by DUCivR 7-1(a)(7)(B). Mr. Alter later replied in support of his motion for overlength,[16] and filed the required table of contents as an errata to his motion to dismiss.[17]

Plaintiffs subsequently moved to strike Mr. Alter's motion to dismiss, again arguing that it violates DUCivR 7-1(a)(7)(A)-(B).[18] Plaintiffs ask the court to strike Mr. Alter's motion to dismiss and conclude that he failed to preserve his Fed. R. Civ. P. 12(b) defenses.

---

[12] ECF No. 41.
[13] ECF No. 43.
[14] ECF No. 44.
[15] ECF No. 46.
[16] ECF No. 51.
[17] ECF No. 50.
[18] ECF No. 54.

Plaintiffs also moved to strike Mr. Alter's reply in support of his motion for overlength.[19] Plaintiffs contend that Mr. Alter's reply improperly raises new legal arguments and factual assertions.

## ANALYSIS

For the reasons explained below, the court: (I) grants in part and denies in part the Motion; (II) grants Mr. Alter's motion for leave to file his overlength motion to dismiss, permits the filing of that motion to dismiss, and denies Plaintiffs' motion to strike that motion to dismiss; and (III) denies Plaintiffs' motion to strike Mr. Alter's reply in support of his motion for overlength. Each issue is addressed in turn.

I. **The Court Grants in Part and Denies in Part the Motion.**

The court grants in part and denies in part the Motion. First, the court denies Plaintiffs' request in the Motion for the court to reconsider its prior order because Plaintiffs have not shown that reconsideration is appropriate. Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[20] "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision . . . ."[21] Plaintiffs not only fail to cite those grounds for

---

[19] ECF No. 55.

[20] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation modified).

[21] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." (citation modified)).

reconsideration, but they also fail to present any arguments showing that any one of those grounds is satisfied. Although Plaintiffs clearly disagree with the court's decision, that is not a basis for reconsideration. Therefore, the court denies Plaintiffs' request to reconsider.

Second, the court denies without prejudice Plaintiffs' request in the Motion for leave to file an overlength response to the Woodland Hills Defendants' motion to dismiss because Plaintiffs' request is premature. Indeed, when Plaintiffs filed the Motion, the Woodland Hills Defendants had not yet filed their motion to dismiss. Thus, although Plaintiffs knew the length of the Woodland Hills Defendants' motion to dismiss, Plaintiffs had not evaluated the substance of that motion to determine how many pages they believed were required for their response. Consequently, Plaintiffs do not assert—nor could they have asserted—that the substance of the Woodland Hills Defendants' motion to dismiss is the reason supporting "good cause" for an overlength response under DUCivR 7-1(a)(7)(A)(ii). Instead, Plaintiffs contend that good cause exists because "strict reciprocity in word/page limits"[22] is required to "ensure fundamental fairness."[23] That argument fails to demonstrate good cause. Accordingly, the court denies without prejudice Plaintiffs' request in the Motion for leave to file an overlength response to the Woodland Hills Defendants' motion to dismiss. Plaintiffs may refile their motion for overlength, but the court will not consider granting it unless it contains reasons showing why Plaintiffs believe they need additional pages to respond to the substance of the Woodland Hills Defendants' motion to dismiss.

---

[22] ECF No. 40 at 4.
[23] ECF No. 45 at 3.

Finally, the court grants Plaintiffs' request in the Motion for a 14-day extension of the deadline to respond to the Woodland Hills Defendants' motion to dismiss because the Woodland Hills Defendants stipulated to that request in their response to the Motion. Therefore, Plaintiffs shall have an additional 14 days to respond to the Woodland Hills Defendants' motion to dismiss.

II. **The Court Grants Mr. Alter's Motion for Leave to File His Overlength Motion to Dismiss, Permits the Filing of That Motion to Dismiss, and Denies Plaintiffs' Motion to Strike That Motion to Dismiss.**

For the following reasons, the court grants Mr. Alter's motion for overlength and permits the filing of his motion to dismiss. First, the court cannot discern any prejudice imposed on Plaintiffs by granting Mr. Alter's motion for overlength and permitting him to file his overlength motion to dismiss, and the court has a strong preference for deciding cases on their merits rather than on procedural technicalities. Plaintiffs are reminded that they initiated this case and that having to defend against a motion to dismiss—even one with minor procedural deficiencies—does not constitute prejudice.

Second, Plaintiffs cite no authority for the proposition that Mr. Alter's admitted failure to comply with DUCivR 7-1(a)(7)(A)-(B) somehow *requires* the court to strike his timely filed motion and enter the dispositive sanction Plaintiffs seek. To the contrary, DUCivR 7-1(j) provides that "[f]ailure to comply with the requirements of this rule *may* result in the court imposing sanctions, including: (1) returning the document for resubmission in accord with the rule; (2) denial of the motion; or (3) any other sanction the court deems appropriate."[24] Thus, the

---

[24] DUCivR 7-1(j) (emphasis added); *see also* DUCivR 1-2 ("On a party's motion or on its own, the court *may* impose sanctions against an attorney, a party, or both for violating these rules." (emphasis added)).

imposition of any sanctions for Mr. Alter's failure to comply with DUCivR 7-1(a)(7)(A)-(B) is left to the court's discretion.[25]

In exercising that discretion when considering failures to comply with DUCivR 7-1(a)(7)(A), other courts in this district have granted motions for overlength in the precise situation presented here.[26] Further, other courts in this district have considered overlength motions and memoranda and declined to deny or strike them even when the party did not file a motion for overlength.[27] As for Mr. Alter's admitted failure to comply with DUCivR 7-1(a)(7)(B), the court views that as nothing more than a "*de minimis* and unintentional" violation, which other courts in this district have found to be an inadequate basis to impose

---

[25] *Mountainville Com., LLC v. Auto-Owners Ins. Co.*, No. 2:23-CV-00700-AMA-CMR, 2025 WL 3089749, at *1 (D. Utah Nov. 5, 2025) ("[T]he Court's imposition of sanctions under [DUCivR 7-1(j)] is discretionary rather than mandatory.").

[26] *See, e.g.*, *Finneman v. Delta Airlines, Inc.*, No. 219CV00327HCNCMR, 2021 WL 2895219, at *1 (D. Utah Mar. 11, 2021) (granting motion for overlength memorandum filed after the overlength memorandum was filed); *Reifenberger v. Autovest LLC*, No. 2:20-CV-571-DAK-JCB, 2021 WL 212237, at *1 (D. Utah Jan. 21, 2021) ("While Plaintiff should have requested leave to file an overlength memorandum before filing it, based on the admitted mistake, the court grants Plaintiff retroactive leave to file the overlength memorandum.").

[27] *See, e.g.*, *Mountainville Com., LLC*, 2025 WL 3089749, at *1 (addressing substance of overlength motion when the moving party "did not seek the Court's approval before filing its overlength Motion and [did] not attempt[] to do so retroactively" and concluding that "[d]enying the Motion on this basis would only serve to create unnecessary delay in resolving these issues such that doing so would be to the detriment of both parties"); *Bingham v. doTERRA Int'l, LLC*, No. 2:23-CV-00707-DBB-DBP, 2024 WL 1973342, at *2 (D. Utah May 3, 2024) ("Even assuming that Mr. Bingham was required to file a motion of less than 10 pages, the court does not find that striking it is an appropriate remedy. The local rules provide that 'the court *may* impose sanctions against an attorney, a party, or both for violating these rules.' . . . Striking the motion, as doTERRA urges, would only serve to create unnecessary delay in resolving a preliminary issue in this case." (quoting DUCivR 1-2) (footnote omitted) (emphasis in original)).

sanctions under DUCivR 7-1(j).[28] Further, Mr. Alter has filed the required table of contents as an errata to his motion to dismiss, thereby correcting his violation of DUCivR 7-1(a)(7)(B). Like the courts referenced above, this court declines to impose sanctions under DUCivR 7-1(j).

For those reasons, and because Mr. Alter's motion for leave to file his overlength motion to dismiss shows good cause under DUCivR 7-1(a)(7)(A)(ii), the court grants his motion for overlength despite his failure to comply with DUCivR 7-1(a)(7)(A)-(B). Therefore, the court permits the filing of Mr. Alter's motion to dismiss and, consequently, denies Plaintiffs' motion to strike that motion to dismiss.

### III. The Court Denies Plaintiffs' Motion to Strike Mr. Alter's Reply in Support of His Motion for Leave to File an Overlength Motion to Dismiss.

The court denies Plaintiffs' motion to strike Mr. Alter's reply in support of his motion for overlength. Plaintiffs seek to strike three portions of Mr. Alter's reply, all of which Plaintiffs contend were raised for the first time in the reply. First, Plaintiffs take issue with Mr. Alter's argument in his reply that the court has discretion to retroactively grant his motion for overlength. Second, Plaintiffs dispute Mr. Alter's reliance upon Fed. R. Civ. P. 1 for the first time in his reply. Finally, Plaintiffs contend that Mr. Alter made new factual contentions for the first time in his reply concerning the lack of prejudice to Plaintiffs in permitting the filing of his motion to dismiss and his reasons for filing his motion for overlength and motion to dismiss concurrently.

---

[28] *Mountainville Com., LLC*, 2025 WL 3089749, at *1 (citation modified); *Bingham*, 2024 WL 1973342, at *2 (same).

Although true that the above-referenced arguments appeared for the first time in Mr. Alter's reply, they were raised in response to arguments in Plaintiffs' opposition—namely, that the court should not grant Mr. Alter's motion for overlength because striking his motion to dismiss was the only proper outcome. Consequently, Mr. Alter's arguments were not improperly raised for the first time in his reply.[29] Therefore, the court denies Plaintiffs' motion to strike Mr. Alter's reply in support of his motion for overlength.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. The Motion[30] is GRANTED IN PART and DENIED IN PART as detailed above.

2. Mr. Alter's motion for leave to file an overlength motion to dismiss[31] is GRANTED, and the filing of his motion to dismiss is permitted.

3. Plaintiffs' motion to strike Mr. Alter's overlength motion to dismiss[32] is DENIED.

4. Plaintiffs motion to strike Mr. Alter's reply in support of his motion for leave to file an overlength motion to dismiss[33] is DENIED.

---

[29] *See, e.g.*, *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (concluding that the district court did not abuse its discretion in denying a motion to strike or disregard the defendants' reply in support of their motion to dismiss when "the district court explained that defendants were replying to arguments plaintiff raised in its response brief"); *United States v. Ridley's Fam. Markets, Inc.*, No. 1:20-CV-173-TS-JCB, 2021 WL 2141740, at *1 (D. Utah May 26, 2021) ("Ridley's arguments in its Reply are not new arguments but are responses to the Opposition. Thus, the Court will deny the Motion to Strike.").

[30] ECF No. 40.

[31] ECF No. 43.

[32] ECF No. 54.

[33] ECF No. 55.

IT IS SO ORDERED.

DATED this 27th day of January 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
